# Riviere v. Overseers of Porter Township.

A summons commanding defendant to appear before a Justice of the Peace "at his office in Dingman township, in and for said (Pike) county" is sufficiently definite. Justices of the Peace residing in townships are not required to specify in the summons the location of their offices in townships by reference to roads, etc.

The 16th section of the Act of July 9, 1901, P. L. 614, changes the law as theretofore existing in regard to service of summons by Constables.

The summons may be directed to and served by the Constable or other officer in the county to whom given for service.

A Justice of the Peace has jurisdiction "of all causes of action arising from contract either express or implied," where the sum demanded does not exceed three hundred dollars, but not of that sort of a contract that arises remotely out of a contract of government.

A Justice of the Peace has no jurisdiction in an action brought to recover taxes assessed against an individual or land by a Township or a Poor District and voluntarily paid to the person or persons authorized to receive the same.

JURISDICTION—CONSTABLE—SERVICE AND RETURN OF SUMMONS.

No. 1, March Term, 1903, C. P. of Pike County.

H. T. Baker, Esq., for Exceptions.

George R. Bull, Esq., Contra.

Opinion by ERDMAN, J., March 25, 1903.

This was a suit brought by E. T. Riviere against the Overseers of the Poor of Porter township, for the recovery of taxes paid upon lands assessed in Porter township, Pike county, but lying in Monroe county.

The record of the Justice of the Peace is briefly as follows:

Summons in Assumpsit, issued November 22, 1902, returnable November 29, 1902. Returned on oath November 27, 1902, served the within writ of summons November 24, 1902, on Philip B. Clark, the only Overseer of the Poor of Porter township the within named defendant by handing a true and attested copy thereof to him personally.

Judgment for plaintiff, November 29, 1902.

Certiorari Dec. 18, 1902.

George R. Bull, counsel for plaintiff, cited—Bredin v. Cranberry township, 87 Pa. St. 441, Clapp v. Pinegrove township, 138 Pa. St. 35.

## EXCEPTIONS ON PART OF DEFENDANT:

1. No proper or legal summons was issued in the said action.

2. The place named or stated in the said summons, "at his office in Dingman township" at which defendant is required to appear is vague, uncertain and indefinite.

3. No known or well-defined place, street, road, highway or other location, at which defendant is required to appear is designated in said summons.

4. The summons in said suit was not issued or directed to the proper officer for service as required by law.

5. No return of service of said summons is made according to law by any person authorized to serve or make return thereof:

6. No service of any summons was made by any officer required or empowered by law to make service on defendant.

7. The summons was neither issued, nor made returnable, nor served according to law.

8. The judgment being by default, there having been no appearance on behalf of defendant, and the service of the summons illegal, the judgment itself is erroneous.

9. The Justice of the Peace had no jurisdiction of the cause of action, as set forth in the said summons.

10. The Justice of the Peace had no jurisdiction over the subject matter upon which plaintiff's alleged claim or demand appears to be founded, and the judgment rendered is illegal and void.

11. No recovery can legally be had by plaintiff in the proceedings instituted for the causes or matter set forth in the demand filed.

12. The record of the Justice of the Peace in this matter is not full, clear and explicit as to the cause of action or the ground or reason of defendant's liability.

13. The proceedings before the Justice, neither in form nor substance are according to law and are therefore erroneous and should be reversed.

Riviere v. Overseers of Porter Township.

## OPINION:

The defendant has filed thirteen exceptions to the judgment rendered by the Justice of the Peace in the above case. The first four allege that the summons was not legal because the place stated therein, where the defendant was to appear, was vague and uncertain, and further that the writ was not directed to the proper officer.

The summons commands the defendant to appear before the Justice of the Peace "at his office in Dingman township in and for said (Pike) county." We are of the opinion that this direction was sufficiently definite to have enabled the defendant to be present at the hearing had he so desired. In cities or towns a Justice of the Peace may be required to state in the summons the ward, or street, and number where his office is located, but the Courts have never held that Justices of the Peace in townships are required to specify in the summons the location of their offices in the township by reference to roads, etc. The name of the township where the action was pending in this case, was stated in the summons, and in our opinion that was sufficient.

We do not deem it necessary to construe the Act of March 20, 1810, relative to the proper officer to whom a writ of summons should be directed by a Justice of the Peace. In Engler et. al., v. Frantz, No. 21, Sept. Term, 1901 (Monroe County), the late judge Craig, in construing the Act of 1901, P. L. 614, says: "The 16th Section of that Act as we conceive, changes the law as theretofore existing, in regard to service of summons by Constables—and as this suit was brought on the 7th of August, 1901, we hold that the service was good. The summons was given to a Constable residing in the county of Monroe and was properly served." We concur in the opinion of Judge Craig as to the effect of the Act of 1901, and as the summons in this case was issued Nov. 22, 1902, and directed to C. Herman, a Constable of Milford township, in said Pike county, it was directed to a proper officer. The first four exceptions are therefore dismissed.

The fifth and sixth exceptions allege that the service and

q

return were not made by any one authorized by law to make the same. The service and return were made by C. Herman, the Constable to whom the summons was directed. As we have already held that the Justice of the Peace, under the Act of 1901 had authority to issue the summons to him, these exceptions are also dismissed. The seventh exception is "the summons was neither issued nor made returnable, nor served according to law." The service of the writ is the only part of this exception upon which we have not passed. The 16th Section of the Act of 9 March, 1771, declares Overseers of the Poor to be bodies corporate and enables them to be sued and to sue. That this act is still operative has been held in Overseers v. Kline 9 Pa. St., 217, and Jenks Township v. Sheffield Township, 135 Pa. St., 409. The return of the Constable is "served the within writ of summons Nov. 24, 1902, upon Philip B. Clark, the only Overseer of the Poor of Porter township, the within named defendant, by handing a true and attested copy thereof to him personally." This return shows that Philip B. Clark is the only Overseer of the Poor of Porter township, hence he is the executive officer of said defendant corporation. We deem the service sufficient and therefore dismiss this exception.

As the eighth exception alleges defective service it is also dismissed for the reasons just given.

The remaining exceptions allege that the Justice had no jurisdiction of the subject matter. The jurisdiction of the Justice of the Peace, in ordinary civil cases is derived from Section 1st of the Act of 20 March, 1810. This act, as amended by Act of 7th July, 1879, gives them jurisdiction, inter alia, "of all causes of action arising from contract, either express or implied," where the sum demanded does not exceed three hundred dollars; the Courts have construed this to mean only "those contracts that arise immediately out of a course of dealing between the parties, and not the sort of a contract that arises remotely out of the compact of government:" Ziegler v. Gram, 13 S. & R. 102; Seitzinger v. Sternberger, 12 Pa. St. 379; Pittsburg v. Daley, 5 Superior Court 528.

The record shows "plff's demand filed as follows, is for poor tax paid upon lands assessed in Porter township but lying in Monroe Co." The record does not show any agreement between the parties that the tax should be refunded in any event. The Justice would therefore have no jurisdiction under this Act of Assembly. "All civil jurisdiction of Justices of the Peace in this Commonwealth is given by Acts of Assembly. . . . . Care should be taken that they have jurisdiction of the subject matter of which they take cognizance;" Murdy v. McCutcheon, 95 Pa. St., 436. We know of no Act of Assembly conferring jurisdiction on Justices of the Peace to entertain an action brought to recover taxes assessed against individual or land, by a township or a poor district and voluntarily paid to the person or persons authorized to receive the same. The record in this case does not show that this was not a voluntary payment. In Murry v. Besone, 16 Lanc. Law Review, 374, a case very similar to this, it was held that "Magistrates have no jurisdiction in an action to recover from a borough tax collector a head tax voluntarily paid to him by plaintiff."

The exceptions relating to the jurisdiction of the Justice of the Peace over the subject matter are therefore sustained.

And now, March 25, 1903, the proceedings before the Justice are reversed and judgment is given for the defendant with cost.

Reported by George R. Bull, Esq.,
Milford, Pa.